UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ANGEL,<br><br>    Petitioner,<br><br>  v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | 1:11-cv-00180 MJS HC<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 3, 2011, the Court issued an Order Regarding Consent or Request for Reassignment. Petitioner failed to respond to the order. A second order regarding consent was issued on March 24, 2011, and again Petitioner failed to respond. Accordingly, the Court hereby directs the Clerk of Court to assign a United States District Court Judge to the case.

**I.    DISCUSSION**

    **A.    Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). A petition may be denied on its merits despite the failure of the applicant to exhaust remedies in state court. 28 U.S.C. § 2254(b)(2).

### B.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Petitioner challenges two restitution orders in the amount of $1000 and $1,300, respectively, and requests the fines be reduced to $200 each.[1] (Pet., ECF No. 1.) However, Petitioner does not challenge the fact or duration of his sentence. This is not an proper claim in a federal habeas action, because an order of restitution does not satisfy the custody requirement. United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir.1999); United States v. Thiele, 314 F.3d 399, 401 (9th Cir. 2002). The claim is not cognizable as it does not challenge the legality of Petitioner's custody. Therefore, the Court recommends that the petition be

---

[1] Petitioner fails to provide further information regarding his underlying conviction, including the county in which Petitioner was convicted.

dismissed.

## II.   ORDER

The Court hereby directs the Clerk of Court to assign a United States District Court Judge to the case.

## III.   RECOMMENDATION

The Court hereby RECOMMENDS that the matter be DISMISSED for failure to state a cognizable federal claim.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 1, 2011                    /s/ *Michael J. Seng*
                                                         UNITED STATES MAGISTRATE JUDGE